IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. PATRICK DAVIS : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| : | |
| NATIONWIDE MUTUAL : | NO. 16-3878 |
| INSURANCE CO. : | |
| | |
| **Defendant.** | |

# M E M O R A N D U M

**STENGEL, J.**                                                                    January 9, 2017

## I.     INTRODUCTION

In this diversity action, an injured driver, plaintiff T. Patrick Davis, brings claims against his automobile insurer, defendant Nationwide Mutual Insurance Company. He asserts a breach of contract claim and a bad faith claim under Pennsylvania law. The defendant filed a motion to dismiss the bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6). I will deny defendant's motion to dismiss the bad faith claim.

## II.    BACKGROUND[1]

Over four years ago, T. Patrick Davis was driving his vehicle on Route 422 in Upper Merion Township, Pennsylvania. While stopped at a red light, a pickup truck rear-

---

[1] Because this is a motion to dismiss for failure to state a claim, I will "accept all [plaintiff's] factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff." Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016). However, my acceptance of all allegations as true does not apply to "legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

1

ended him and took off. Mr. Davis was never able to locate the truck or discover the identity of the driver of the truck.

As a result of this accident, Mr. Davis suffered serious injuries to his spine, neck, arms, legs, and shoulders. These injuries include severe disc herniations in his back. He received subsequent medical treatment, including physical therapy, laboratory testing, and multiple surgeries. Due to his injuries, Mr. Davis has been completely disabled from employment for over four years.

Mr. Davis was insured through an automobile insurance policy with defendant Nationwide. The policy provided coverage in the amount of $100,000 per person and $300,000 per occurrence. It also provided for stacking of uninsured motorist ("UM") benefits resulting in an aggregate policy limit of $300,000.[2] Mr. Davis filed a claim with Nationwide seeking payment of UM benefits pursuant to this policy. He has fully complied with Nationwide's investigation of his claim. He regularly made premium payments and his policy was in full force and effect the day the accident occurred.

It is unclear whether Nationwide has refused to pay plaintiff any UM benefits under the policy. In Davis's complaint, which was filed June 13, 2016, he alleged that Nationwide had failed to "pay plaintiff uninsured motorist benefits." (Compl. ¶ 15). Nationwide counters that it sent plaintiff's counsel an offer of $7,500 to settle Davis's UM claim on March 4, 2016 and again on April 28, 2016. (Doc. No. 18 at 2). However,

---

[2] Uninsured motorist ("UM") insurance covers an insured's damages and expenses that result from the negligence or fault of another driver who has no automobile insurance. 75 Pa. C.S. § 1731(b). Uninsured motorist benefits are different than underinsured motorist ("UIM") benefits. UIM benefits apply when the at-fault driver has insurance, but the policy limits are insufficient to compensate the injured party.

plaintiff's counsel maintains that he never received these alleged offer letters. (Doc. No. 16-1 at 5).[3]

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir.1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain

---

[3] Even if an offer of $7,500 were made, plaintiff argues that this amount is woefully inadequate given the $300,000 policy limit and Davis's injuries, ongoing medical expenses, pain and suffering, and complete lack of employability. This much is clear: either Nationwide has made no offer at all or it has made an offer of $7,500.

enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Service Center, 464 F.3d 450, 456 (3d Cir. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**IV.    DISCUSSION**

Mr. Davis alleges that Nationwide acted in bad faith by refusing to pay Davis UM benefits. Although Davis disputes that Nationwide made a $7,500 offer, he nonetheless contends that such an offer (if made) amounts to bad faith because it is unreasonably low. Nationwide argues that the allegations in Mr. Davis's complaint are insufficient to support a bad faith claim.

Under Pennsylvania law, plaintiffs may recover interest, punitive damages, court costs, and attorney's fees if an insurer acts in bad faith in evaluating or handling a claim. 42 Pa. C.S. § 8371. In order to show bad faith, a plaintiff must prove by clear and convincing evidence that: (1) the insurer lacked a reasonable basis for denying benefits; and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). A court should examine the factors that the insurer relied on in evaluating a claim to determine whether the insurer had a reasonable basis for denying benefits. Terletsky, 649 A.2d at 688–89. A bad faith claim is "fact specific" and depends upon the insured's conduct in connection with handling and evaluating a specific claim. Condio v. Erie Ins. Exch., 899 A.2d 1136, 1143 (Pa. Super. 2006).

To be sure, mere negligence or a lack of judgment does not constitute bad faith. Id. However, an insurer's reckless conduct can support a finding of bad faith. Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 751 (3d Cir. 1994). In making out a bad faith claim, the plaintiff is not required to prove that an insurer's delay in payment was motivated by any improper purpose. Klinger, 115 F.3d at 233.

In this case, Mr. Davis has been completely unemployed for over four years as a result of his injuries. There are no facts suggesting that he was at fault or negligent with respect to the accident. Nationwide does not dispute that Mr. Davis enjoys up to $300,000 in UM benefits as a result of his payment of premiums. Individuals pay premiums so that they may be covered by their insurer in the event of an accident. Mr.

5

Davis alleges he was seriously injured as a result of the accident. Viewing these facts in a light most favorable to the plaintiff, as I must, it does not matter whether Nationwide made no offer at all or a $7,500 offer. Either offer would be unreasonably low given that Mr. Davis has been out of work for over four years and undergone multiple surgical procedures and other medical treatment in the interim. These facts point to Nationwide's lack of a reasonable basis in its complete (or almost-complete) denial of benefits.

Even assuming Nationwide did make a $7,500 offer, it did not do so until March 4, 2016—nearly four years after the accident occurred. Such a delay in notifying an insured of the value of his or her claim may form the basis for a finding of bad faith. See, e.g., Padilla v. State Farm Mut. Auto. Ins. Co., 31 F. Supp. 3d 671, 676 n.8 (E.D. Pa. 2014) (noting that "[d]elay is a relevant factor in determining whether bad faith has occurred"). Altogether, Davis's complaint supports a plausible bad faith claim and thus it is sufficient to withstand a motion to dismiss. See id. at 676 n.10 (collecting cases standing for the proposition that a motion to dismiss a bad faith claim should be denied when there is an inference of bad faith and discovery is necessary to uncover evidence confirming whether the insurer did in fact act in bad faith).

Nationwide relies on several cases in which bad faith claims have been dismissed. It argues that, like the complaints in those cases, Davis's complaint contains nothing but boilerplate legal conclusions.[4] I disagree. Davis's complaint specifically alleges that he

---

[4] All the complaints in the cases cited by Nationwide contained various pleading deficiencies that are not present in Mr. Davis's complaint. See Atiyeh v. Nat'l Fire Ins. Co., 742 F. Supp. 2d 591, 599–600 (E.D. Pa. 2010) (dismissing bad faith claim when the plaintiff relied solely on legal conclusions and provided no facts, including any allegation that the plaintiff properly maintained the insurance policy at issue by paying premiums); Eley v. State Farm Ins. Co., Civ. A. No. 10–cv–5564, 2011 WL 294031, at *4 (E.D. Pa. Jan. 31, 2011) (listing the extent of

paid his premiums on time, has been unemployed for over four years because of the accident, is severely injured and in pain, has ongoing medical expenses, and has complied with Nationwide's internal investigation of his claim.[5] The complaint also alleges that Mr. Davis's damages exceed the $300,000 policy limit. Assuming the truth of these allegations, an unreasonably low offer, or no offer, could be bad faith on the part of Nationwide. Nationwide's perspective on the sufficiency of Davis's pleading is much more strict than the actual pleading standard set forth in Federal Rule of Civil Procedure 8, which merely requires a "short and plain statement of the claim." Contrary to Nationwide's position, bad faith claims have survived motions to dismiss when premised on allegations that an insurer failed to make a reasonable settlement offer in light of the insured's injuries and the facts underlying the insured's claim. Kelly v. Progressive Advanced Ins. Co., 159 F. Supp. 3d 562, 564 (E.D. Pa. 2016).

Mr. Davis's complaint offers sufficient facts regarding his conduct, and Nationwide's, regarding the UM claim. The complaint adequately describes a credible claim that Nationwide acted in bad faith. Nationwide has not met its burden of showing

---

plaintiff's allegations, which consisted solely of legal conclusions rather than factual averments); Mattia v. Allstate Ins. Co., Civ. A. No. 14–2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (same); Canizares v. Hartford Ins. Co., Civ. A. No. 16–1465, 2016 WL 3027766, at *2 (E.D. Pa. May 27, 2016) (same); Allen v. State Farm Mut. Auto. Ins. Co., Civ. A. No. 14–7367, 2015 WL 1072968, at *3 (E.D. Pa. Mar. 12, 2015) (complaint alleged only that plaintiff was in an accident and unable to agree with the insurer on a the value of her claim). Unlike the complaints in the above cases, Davis's complaint provides factual information to support an inference that Nationwide acted in bad faith. The complaint includes facts suggesting Nationwide delayed in evaluating Davis's UM claim. It also alleges Nationwide made no offer of UM benefits despite Davis being severely injured and unable to work for years following the accident.

[5] Surely, Nationwide understands the significant effect of an injured plaintiff's unemployment (for four years) on that plaintiff's damages claim. See, e.g., Allstate Ins. Co. v. Clarke, 527 A.2d 1021, 1024 (Pa. Super. Ct. 1987) (recounting the long-held principle that an injured plaintiff's damages include "loss of earning capacity" and "lost wages").

that "no claim has been presented" when viewing the complaint in a light most favorable to the plaintiff. <u>Bruni</u>, 824 F.3d at 361 n.11. Accordingly, I will deny Nationwide's motion to dismiss the bad faith claim and allow the claim to proceed to discovery.[6]

## V. CONCLUSION

For the foregoing reasons, Nationwide's motion to dismiss Davis's bad faith claim is denied.[7]

An appropriate Order follows.

---

[6] Of course, discovery may reveal that Nationwide did not act in bad faith. However, this is impossible to determine at this stage.

[7] In the alternative to its motion to dismiss, Nationwide moves for sanctions under Federal Rule of Civil Procedure 11. To the extent Nationwide seeks attorney's fees or any other sanctions under Rule 11, I will deny this motion.

Nationwide's motion for sanctions rests upon plaintiff's counsel's alleged "flagrant factual misrepresentation" that Nationwide never made an offer to resolve plaintiff's claim. As mentioned above, Nationwide maintains that it sent plaintiff's counsel two separate letters offering $7,500 to resolve plaintiff's claim. Nationwide argues that by stating no offer had been made, plaintiff misrepresented facts in violation of Rule 11.

In support of this argument, Nationwide states that "[b]y letter dated August 17, 2016, Nationwide, through its undersigned counsel, promptly notified plaintiff's counsel . . . that on March 4, 2016 and again on April 28, 2016, Nationwide's claim representative had sent written offer letters to plaintiff's counsel's office." (Doc. No. 18 at 2). Nationwide attached this August 17, 2016 letter which references these alleged offer letters, but interestingly, it did not attach the actual offer letters it claims it sent. Plaintiff subsequently amended its submitted briefs to state that a "minimal" offer (rather than "no" offer) had been made. However, plaintiff still contends that it never received the two $7,500 offer letters from Nationwide. (Doc. No. 15 ¶ 9 n.1). In its amended briefs, plaintiff concedes that Nationwide "made an offer of $500.00 early on." (<u>Id.</u>)

It is peculiar that Nationwide would seek sanctions under Rule 11 based upon two alleged offer letters and then not produce those two offer letters for the court to review. The veracity of Nationwide's argument depends solely on the existence of these two offer letters. Nationwide seems to suggest the existence of these offer letters simply because it referenced them in its August 17, 2016 letter. (Doc. No. 16-1, Ex. A). Apparently, Nationwide asks the court to assume the existence of these two offer letters without any proof they exist and then, based upon that assumption, award Nationwide attorney's fees. I am not persuaded by this attempt to recover attorney's fees under Rule 11. Accordingly, I will deny the Rule 11 motion. With that said, I am cognizant of Nationwide's concern that plaintiff submitted evidence (certain medical records) in responding to Nationwide's motion to dismiss. In arriving at a decision today, I only considered the parties' legal arguments and the complaint. I did not consider any other documents or submissions of evidence.